**Raul PENA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 173–82.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 25, 1982.

Javier L. Correa, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR REVIEW

ODOM, Judge.

The Court of Appeals reversed appellant's conviction for burglary of a habitation under V.T.C.A., Penal Code Sec. 30.02. *Pena v. State,* 630 S.W.2d 686. We granted leave to file State's petition for review to reconsider appellant's first ground of error, upon which the Court of Appeals found that the trial court abused its discretion by requiring the defendant to stand before the jury dressed in a ski mask, army jacket and gloves, that were allegedly worn by the burglar, for the purpose of bolstering the arresting officer's testimony and to discredit and prejudice the defendant before the defendant testified.

The State's attorney, Ms. Vonkrosigk, asked the arresting officer:

"Q. The man that you stopped and hogtied, and the man that was wearing the ski mask and the jacket, and the man that fired at you, do you see him in the courtroom today?

"A. Yes, ma'am.

"Q. Would you point him out.

"A. Right there. He's wearing the same clothes right there.

"Q. Those are the same clothes that he had on?

"A. The blue shirt and blue pants, he had on when I finally got the jacket off of him.

"Q. The same shoes?

"A. They look about the same. I'm not sure. He has trimmed up his hair and shaved.

"Q. Did you think it was unusual for a person to be wearing a ski mask and a heavy coat like that and gloves during the middle of the day on March the 7th of 1980?

"A. Yes, ma'am. The temperature was in the high 70's or low 80's at that time.

"Q. Was it a little scary to see someone dressed up like that in the middle of the day?

"A. Suspicious, yes.

"Ms. Vonkrosigk: Your Honor, at this time we would ask the court to order the defendant to put on those clothes.

"Mr. Correa [Defense counsel]: I would object to that, Your Honor.

"Ms. Vonkrosigk: I want the jurors to see what he looked like on the day he was chasing him on the railroad tracks. It goes to this man's state of mind. I would ask the court to order the defendant to put them on.

"Mr. Correa: I would object to this.

"The Court: Overruled.

"Mr. Correa: Please note my exception at this time. I would move for a mistrial because I think it is prejudicial at this point.

"The Court. Overruled. Put it on."

The State urges that appellant's objections to "that" and "this" are too general to

preserve error. *Carr v. State,* 600 S.W.2d 816 (Tex.Cr.App.); *Wilson v. State,* 541 S.W.2d 174 (Tex.Cr.App.). We agree. Objections that do not specifically set out the grounds for the objection are too general and preserve nothing for review. The objections to "that" and "this" as well as "Please note my exception at this time ... I think it is prejudicial at this point" are too general and do not specifically set out the grounds relied upon for review.[1] See *Dyche v. State,* 478 S.W.2d 944 (Tex.Cr. App.); *Rich v. State,* 510 S.W.2d 596 (Tex. Cr.App.); *Landers v. State,* 550 S.W.2d 272, 275 (Tex.Cr.App.); *Cowan v. State,* 562 S.W.2d 236 (Tex.Cr.App.).

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for consideration of appellant's other grounds of error.

ONION, P.J., and ROBERTS, CLINTON and TEAGUE, JJ., dissent.

---

1. We do note, however, that the Court of Appeals in its opinion relied on a finding that the evidence complained of constituted improper bolstering of the officer's prior testimony. Not only was this objection not raised at trial; it was not even raised in the ground of error briefed before the Court of Appeals. That court construed the prosecutor's statement in the trial court record, "It goes to this man's state of mind," to refer to the *officer's* state of mind. In his brief appellant relies on a construction of this statement as a reference to *appellant's* state of mind. Since the matter of bolstering was raised neither by trial objection nor in the brief before the Court of Appeals, this opinion should in no event be taken as approving the reasoning of the Court of Appeals on the bolstering issue.