United States Court of Appeals,

Fifth Circuit.

No. 94-10934.

Jerry Wayne ABLES, Petitioner-Appellant,

v.

Wayne SCOTT, Director of Texas Department of Criminal Justice Divisional Institution, Respondent-Appellee.

Jan. 25, 1996.

Appeal from the United States District Court for the Northern District of Texas.

Before WIENER, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:

Jerry Wayne Ables, a Texas inmate, appeals the district court's denial of his petition for writ of habeas corpus. We affirm.

I

A grand jury returned two indictments against Ables for aggravated robbery and burglary of a habitation. One indictment charged two counts of aggravated robbery, both alleging the use or exhibition of a deadly weapon. The first count alleged the use of a handgun, and the second count alleged the use of a knife. The second indictment charged burglary of a habitation in two different counts. The first count alleged that when Ables entered the house he was armed with a deadly weapon—a handgun. The second count of the burglary indictment alleged burglary of a habitation without any reference to a deadly weapon. Ables pleaded guilty to the second counts of both the robbery and burglary indictments, and the

1

state waived the first counts of both indictments.

The state court then held a jury punishment hearing. The jury found Ables guilty of aggravated robbery as charged in the robbery indictment.[1] The court entered judgment on this count and included the jury's affirmative finding that the defendant used a deadly weapon. The jury also found Ables guilty of burglary of a habitation. The court entered judgment on this count and again included the jury's affirmative finding that the defendant used a deadly weapon during the commission of the offense.

The Texas Court of Appeals affirmed Ables' convictions, and Ables did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Ables' two applications for state writs of habeas corpus challenging his convictions were denied. Ables' petition for federal habeas corpus relief was also denied. Ables now appeals that denial, alleging, *inter alia,* that the indictment did not give him adequate notice that the state would seek an affirmative finding of the use of a deadly weapon in the burglary charge.[2]

---

[1]The trial court instructed the jury at the beginning of the punishment trial, "Ladies and gentlemen, since the Defendant has entered his plea of guilty to the second count of each of these two indictments, ... you must find [him] guilty of burglary or [sic] a habitation and of aggravated robbery."

[2]Ables argues several other points of error, none of which have merit. First he argues that his guilty plea was involuntary and unknowing because the trial judge failed to advise him that if he was convicted as a repeat offender by the jury, his minimum punishment would be fifteen years. " "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.' " *United States v. Rivera,* 898 F.2d 442, 447 (5th Cir.1990). The trial judge correctly admonished Ables that the maximum possible

Ables contends that he was denied his rights under the Fifth, Sixth, and Fourteenth Amendments because he did not receive adequate notice that the state would seek an affirmative finding that he used a deadly weapon in the commission of the offense of burglary of a habitation.  Due process requires that a criminal defendant have notice of the charges against him so he can be

---

punishment for the crimes for which he pleaded guilty was 99 years to life.

Ables next contends that prosecutorial misconduct rendered his sentencing trial fundamentally unfair, alleging that the prosecutor made improper and prejudicial jury arguments.  In habeas corpus proceedings, we review allegedly improper prosecutorial statements made during a state trial to determine whether they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974);  *Ortega v. McCotter,* 808 F.2d 406, 407 (5th Cir.1987).  We reject this claim, finding that the prosecutors' statements were fair comments on the evidence and a proper appeal for law and order.

Ables argues that he was denied effective assistance of counsel at trial and on appeal.  Both claims must meet the deficiency and prejudice prongs of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  *See United States v. Patten,* 40 F.3d 774, 776 (5th Cir.1994) (applying *Strickland* to claim of ineffective assistance of counsel on appeal), *cert. denied,* --- U.S. ----, 115 S.Ct. 2558, 132 L.Ed.2d 811 (1995).  For the reasons stated in the district court opinion, we reject Ables' ineffective assistance of trial counsel claim.  *See Ables v. Scott,* No. 1:93-CV-0131-C (N.D. Tex. filed Aug. 19, 1994).  Because none of Ables' grounds on appeal have merit, his claim for ineffective counsel on appeal must also fail.

Finally, Ables' claim that the trial judge did not have the authority to cumulate his sentences fails because it concerns state criminal procedure and "does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus." *Johnson v. Beto,* 383 F.2d 197 (5th Cir.1967), *cert. denied,* 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136 (1968).

prepared to defend himself at trial. *Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644, 647 (1948); *McKay v. Collins,* 12 F.3d 66, 69 (5th Cir.) (stating that an indictment must allege the essential elements of the offense but not in any specific terms), *cert. denied,* --- U.S. ----, 115 S.Ct. 157, 130 L.Ed.2d 95 (1994). A defendant is also entitled to notice and due process at sentencing, although to a lesser degree than at trial. *United States v. Rochester,* 898 F.2d 971, 981 (5th Cir.1990) ("Although, a defendant must be afforded some degree of due process at sentencing, the same degree of process is not required at sentencing as at trial."). In rejecting due process claims under the federal Sentencing Guidelines, we have said that "if the government promises not to prosecute a defendant for certain offenses in exchange for a guilty plea to a different offense, the sentencing court may nevertheless consider the relevant but uncharged conduct as long as the punishment selected is within the statutory range for the offense of conviction." *United States v. McCaskey,* 9 F.3d 368, 377 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994).

Under Texas law, a deadly weapon finding is not an element of the offense of burglary of a habitation; its only relevance is at sentencing.[3] *Davis v. State,* 684 S.W.2d 201, 208 (Tex.

---

[3]TEX.CRIM.PROC.CODE ANN. art. 42.18, § 8(b)(3) states that a prisoner who is serving a sentence for certain enumerated offenses, or one whose judgment contains an affirmative deadly weapon finding during the commission of or flight from a felony offense under TEX.CRIM. PROC.CODE ANN. art. 42.12 § 3g(a)(2), "is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-half of the maximum

App.—Houston [1st Dist.] 1984, writ ref'd). The effect of a deadly weapon finding is to lengthen a convicted prisoner's confinement under a sentence by restricting his ability to obtain good time credit; it does not affect the actual range of the sentence that the defendant can receive. *Id.* at 206. Therefore, because a deadly weapon finding is simply a sentencing concern that does not raise the degree of punishment, *see id.* at 208, we hold that a Texas defendant is only entitled to the limited degree of notice that is constitutionally required at sentencing when the state intends to seek such a finding.[4] This holding is consistent with the Texas Courts of Appeals cases which have considered the nature of a deadly weapon finding and the degree of notice a defendant must constitutionally receive when the state intends to seek such a finding. *See id.*[5]; *see also Wissinger v. State,* 702 S.W.2d 261

---

sentence or 30 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years."

[4]We emphasize that our holding is limited to Texas defendants because we are only considering the effect of a deadly weapon finding under Texas law, where such a finding is not an element of the offense charged.

[5]The defendant in *Davis* was convicted by a jury of burglary of a habitation. At the punishment phase of the trial, the jury made an affirmative finding that Davis had exhibited a deadly weapon in the commission of the burglary. 684 S.W.2d at 204. On appeal, the defendant argued that he was denied his due process right to notice because the indictment did not allege that he had used or exhibited a deadly weapon. The court rejected the defendant's challenge because of the nature of a deadly weapon finding. The court noted that a deadly weapon finding is not an element of the primary offense that the state must prove; its relevance is at the punishment phase of a trial, since its only effect is to lengthen a defendant's confinement under a sentence, not the sentence itself. *Id.* at 206. The court concluded that without a showing of prejudice, the lack of notice, if any, was harmless. *Id.*

(Tex.App.—Houston [1st Dist.] 1985, writ ref'd).[6]

Ables received constitutionally adequate notice of the possibility that the state might seek a deadly weapon finding at his sentencing. He was aware of the state's evidence against him before he decided to plead guilty. He was present at the bond hearing where the complaining witness described the crimes he committed against her using both a knife and a handgun. He was also aware that the state found knives and a handgun in his car when he was arrested and that they intended to introduce them into evidence at the sentencing phase of his trial. Through his guilty plea, Ables admitted using a deadly weapon during the robbery which arose out of the same events as the burglary. Moreover, Ables did not object when the trial court instructed the jury on the deadly

---

[6]The Texas Court of Appeals reaffirmed its holding in *Davis* in *Wissinger v. State,* 702 S.W.2d 261 (Tex.App.1985). The defendant in *Wissinger* was indicted for intentionally causing the death of her husband " "by shooting him with a gun.' " *Id.* at 264. Under Texas law a gun was not *per se* a deadly weapon, and the indictment did not contain any allegation that the defendant had used a deadly weapon in committing the murder. Nevertheless, after the defendant pleaded no contest to the acts alleged in the indictment, the court, in reliance on findings by the presentence report, entered a deadly weapon finding. On appeal, the defendant alleged that she was denied due process because she did not have notice that the state would seek an affirmative finding of the use of a deadly weapon. The court noted that "[a] deadly weapon finding is serious, because it will approximately double the time that an inmate must serve in order to be eligible for parole." *Id.* (citing TEX.CODE CRIM.P.ANN. art. 42.12, sec. 15(b) (Vernon 1979)). However, the court continued, it does not heighten the range of punishment a defendant will receive. *Id.* at 265. The court concluded that the lack of notice of the state's intent to seek a deadly weapon finding did not require reversal because it was "not an element of the offense charged and did not increase the range of punishment." *Id.* In addition, the court held that there was no indication that appellant was surprised by the finding or was unable to defend herself, nor did appellant claim that she was harmed by any lack of notice.

6

weapon finding with the burglary count.  Most persuasively, the first count of the burglary indictment alleged that he used a deadly weapon.  The fact that the state waived this count does not vitiate the notice that the indictment provided that the state might attempt to obtain a deadly weapon finding in the burglary count.[7]  We therefore conclude that Ables' due process claim is without merit.

III

For the forgoing reasons, we AFFIRM the district court's opinion.

---

[7]Our position is in accord with Texas law.  Texas law requires that a defendant have some form of notice when the state intends to seek an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense. *Grettenberg v. State,* 790 S.W.2d 613, 614 (Tex.Crim.App.1990) (en banc).  In a case factually similar to ours, the Texas Court of Criminal Appeals held that a defendant can receive adequate notice of the state's intention to seek a deadly weapon finding through a dismissed portion of an indictment. *Id.* at 614-15.