**Opinion issued April 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00522-CR

———————————

**ALEXAS FARAGOZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case 99105-CR**

---

## OPINION

The appellant pleaded guilty to the second-degree felony offense of recklessly causing serious bodily injury to a child.[1] A jury assessed punishment at thirteen years' confinement. In a single point of error, the appellant claims the evidence is

---

[1]    TEX. PENAL CODE § 22.04(a)(1), (e).

insufficient to support the jury's finding that she used or exhibited a deadly weapon in the commission of the offense. We affirm.

## Background

Oksana,[2] aged 13, went to a party with the appellant, aged 20, and Briana Bentacur, aged 25. The three got high on marijuana, and the appellant drank some wine. In the early morning hours, the appellant drove Briana and Oksana to the store. A police officer observed a defective taillight on the appellant's truck and activated his emergency lights to initiate a traffic stop.

The appellant told Briana and Oksana that she had an open warrant and did not want to get arrested. She led police on a roughly two-and-a-half-minute chase, where officers hit speeds in excess of 100 miles per hour. After going through an access-road intersection at high speed, the truck went slightly airborne, turned sideways, and crashed into an embankment. Oksana suffered significant injuries from the crash, requiring months of hospitalization and at least seventeen surgeries.

## Deadly Weapon

The State filed pretrial notice of its intent to seek a deadly-weapon finding. The trial court submitted a special issue to the jury asking whether the appellant used or exhibited a deadly weapon, "namely, a motor vehicle." The jury answered "Yes," and the trial court added a finding to the judgment that the appellant used a deadly

---

[2]    We use a pseudonym for the minor complainant.

2

weapon. In her sole point of error, the appellant claims the evidence is insufficient to support this finding.

If the punishment factfinder in a felony case makes an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of the offense, the trial court must enter that finding on the judgment. TEX. CODE CRIM. PROC. art. 42A.054(c). "Deadly weapon" means "anything manifestly designed, made, or adapted for the purposes of inflicting death or serious bodily injury," "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury," or a firearm. TEX. PENAL CODE § 1.07(a)(17). When the alleged deadly weapon is something other than a firearm, the determination is a fact question, and the Court of Criminal Appeals has stated it must be proved beyond a reasonable doubt. *Couthren v. State*, 571 S.W.3d 786, 789 (Tex. Crim. App. 2019).

It is unclear why the Court of Criminal Appeals applies the beyond-a-reasonable-doubt standard to a deadly-weapon finding that is not an element of the offense. This evidentiary standard is not required by statute. While some statutes require other non-elemental findings be made "beyond a reasonable doubt," Article 42A.054(c) does not specify an evidentiary standard. *Compare, e.g.*, TEX. CODE CRIM. PROC. arts. 42.012 (finding that controlled substance was used in commission of certain offenses must be made beyond a reasonable doubt), 42.014 (finding that offense was committed because of bias or prejudice must be made beyond a

reasonable doubt) *to* art. 42A.054(c) (requiring only "affirmative finding" without mention of evidentiary standard); *see also Polk v. State*, 693 S.W.2d 391, 397 (Tex. Crim. App. 1985) (Clinton, J., concurring) (noting that "affirmative finding" language in deadly-weapon statute mirrored use of the term in civil rules).

Nor is it required by the federal constitution. In a case like this one, where the deadly-weapon allegation was not an element of the offense and did not alter the punishment range, the import of the deadly weapon finding is that it alters how the appellant's parole eligibility date will be calculated and makes her ineligible for release on mandatory supervision. TEX. GOV'T CODE §§ 508.145(d)(2), 508.149(a)(1). At least under federal law, a Texas non-elemental deadly-weapon finding is a mere sentencing factor and does not give rise to the same due-process protections as elements. *Ables v. Scott*, 73 F.3d 591, 593 (5th Cir. 1996); *see United States v. Watts*, 519 U.S. 148, 156-57 (1997) (reaffirming traditional rule that matters influencing punishment within a statutory range need be proven by only a preponderance of the evidence); *United States v. Villareal-Amarillas*, 562 F.3d 892, 897 (8th Cir. 2009) (holding that fact that did not alter statutory range but doubled defendant's recommended sentence under federal guidelines was not element and need be proven by only preponderance of the evidence).

The deadly-weapon finding became part of Texas law in 1977, but the Court of Criminal Appeals did not state what evidentiary standard applied until the

plurality opinion in *Hill v. State*, 913 S.W.2d 581, 583-84 (Tex. Crim. App. 1996) (plurality op.). *Hill* stated that the beyond-a-reasonable-doubt standard applied, but it gave no reason for its statement. Its only cited authority was the statutory definition of "deadly weapon," which makes no mention of an evidentiary standard.

Three years later, that Court again applied the beyond-a-reasonable-doubt standard in *Gale v. State*, 998 S.W.2d 221, 224 (Tex. Crim. App. 1999). *Gale* cited *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989) as its basis, but *Patterson* had reviewed the sufficiency of the evidence to support a deadly-weapon finding without mentioning what evidentiary standard it was applying.

In *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003) the Court applied the beyond-a-reasonable-doubt standard, citing *Tisdale v. State*, 686 S.W.2d 110, 114 (Tex. Crim. App. 1985) (op. on reh'g). *Tisdale*, however, was an aggravated robbery case where the use of a deadly weapon was an element of the offense. *Cates* did not explain how *Tisdale* justified applying the beyond-a-reasonable-doubt standard to a non-elemental finding.

Since 2003 the Court of Criminal Appeals has consistently applied the beyond-a-reasonable-doubt standard to deadly-weapon findings by citing *Cates* and its progeny. *See, e.g.*, *Brister v. State*, 449 S.W.3d 490, 492–93 (Tex. Crim. App. 2014); *Couthren*, 571 S.W.3d at 789. No case from that Court has offered other explanations for applying the law's highest evidentiary standard to a non-elemental

5

finding that functions primarily as a prison classification. *Cf. Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012) (noting that evidentiary standard for revoking probation is preponderance of the evidence).

Even under the beyond-a-reasonable-doubt standard, the evidence here is sufficient to support the jury's deadly-weapon finding. In reviewing sufficiency under the beyond-a-reasonable-doubt standard, we must view the evidence in the light most favorable to the verdict and determine only whether any rational trier of fact could have found the fact beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

On sufficiency review, we restrict our review to the specific sufficiency arguments raised by the appellant. *Casanova v. State*, No. 01-24-00308-CR, 2025 WL 1033765, at *4 (Tex. App.—Houston [1st Dist.] Apr. 8, 2025, pet. ref'd) (mem. op. not designated for publication); *see Mayweather v. State*, 722 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2025, no pet.) (rejecting, as inadequately briefed, non-specific sufficiency claim: "By claiming the evidence is insufficient without explaining how, the appellant is inviting us to make arguments for him."). Here, the appellant's two arguments relate to her "use" of the deadly weapon.

The appellant's first claim is that the evidence does not show she was using her car as a deadly weapon at the time of the crash: "At most, the evidence indicated that Appellant may have driven recklessly at some points prior to the child's injury."

6

We interpret this as an argument that there was somehow a temporal disconnect between the appellant's reckless driving and Oksana's injuries, perhaps that she was driving recklessly during parts of the chase but not at the time of the crash. The appellant waived this argument by pleading guilty to an indictment alleging her reckless conduct caused Oksana's injuries.[3] *See Turnipseed v. State*, 609 S.W.2d 798, 801 (Tex. Crim. App. 1980) ("It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt . . . ."); *Keller v. State*, 125 S.W.3d 600, 604 n.1 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd as improvidently granted* 146 S.W.3d 677 (Tex. Crim. App. 2004) ("A defendant who pleads guilty to a felony offense before a jury admits all elements of the offense . . . ."). Neither at trial nor on appeal has the appellant suggested any reckless conduct other than the manner in which she used her motor vehicle caused Oksana's injuries, nor does the record suggest any alternative cause.

The appellant's second argument is that at the precise moment of the collision she was not "using" the vehicle because it was out of control.[4] This is like claiming

---

[3]     The indictment alleged the appellant "recklessly cause[d] serious bodily injury to [Oksana], a child fourteen (14) years of age or younger, by operating a motor vehicle in which [Oksana] was a passenger at a high rate of speed failing to maintain a single lane of traffic causing said vehicle to leave the roadway and collide with trees, while intentionally fleeing from N. Saldarriaga, a peace officer attempting to arrest or detain the defendant."

[4]     The appellant attempts to declaim responsibility by referencing Oksana's testimony that Briana grabbed the steering wheel "kind of a little bit" at some point before the wreck. However, Briana testified she did not grab the steering wheel. On sufficiency

that a defendant's use of a handgun ends at the trigger pull, and the defendant is not "using" the firearm when the bullet strikes the complainant because the defendant is not controlling the bullet. This argument does not negate the appellant's culpability; it merely adds a link to the causal chain: If going airborne and losing control caused Oksana's injuries, but the appellant's reckless driving is what caused the car to go airborne and get out of control, the appellant still caused Oksana's injuries by the use of her motor vehicle. TEX. PENAL CODE § 6.04(a) ("A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient."). To the degree the appellant is claiming something other than her recklessness caused Oksana's injuries, that argument is foreclosed by her guilty plea to this indictment.

Viewing the evidence in the light most favorable to the jury's finding, we conclude a rational factfinder could have concluded, beyond a reasonable doubt, that the appellant used a deadly weapon during the commission of a felony. We overrule the appellant's sole point of error.

---

review we must view the evidence in the light most favorable to the verdict and defer to any implied credibility findings by the jury; thus we cannot credit the testimony that the passenger grabbed the steering wheel. *See Brooks*, 323 S.W.3d at 899 (Tex. Crim. App. 2010) (reviewing court may not disagree with jury's "weighing of the evidence," or "disagree with a jury's resolution of conflicting evidence").

**Conclusion**

We affirm the trial court's judgment.

Clint Morgan
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.

Publish.