**Dwight Ardell MURPHY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–079–CR.**

Court of Appeals of Texas, Fort Worth.

May 16, 1985.

Bruder and Cooper and J. Stephen Cooper, Dallas, for appellant.

John D. Nation, Asst. Dist. Atty., Dallas, for appellee.

Before ASHWORTH and JOE SPURLOCK, II, JJ., and W.A. HUGHES, Jr., J. (Retired) (Sitting by Assignment).

OPINION

ASHWORTH, Justice.

Appellant was convicted of burglary of a habitation, TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974), and after finding en-

**342**

hancement, the jury sentenced him to thirty-five years confinement.

Judgment affirmed.

Appellant's one ground of error alleges that the evidence was insufficient to prove a prior final conviction as alleged in the enhancement paragraph of the indictment. The indictment alleged that a prior robbery conviction became final on September 2, 1982. The evidence to prove such conviction consisted of State's exhibit no. 27, a pen packet. The gist of appellant's argument is that the evidence presented by the State shows that appellant was convicted of robbery on July 1, 1981, not on September 2, 1982, as alleged in the indictment.

Included in the pen packet is a "judgment and sentence", dated July 1, 1981, which recites that the appellant pled guilty to robbery, a second degree felony, and was sentenced to seven years confinement; also included is an "order revoking probation" dated September 2, 1982, which bears the same case number as reflected in the "judgment and sentence." The "order revoking probation" recites that appellant was convicted of robbery, a second degree felony as charged in the indictment, and sentenced to seven years confinement and placed on probation, and that the probation is revoked and that the sentence is reduced from seven years confinement to four years confinement.

It is true, as appellant contends, that the "judgment and sentence" makes no provision with regard to probation, and looking at that instrument only, one would reasonably conclude that appellant was sentenced to seven years confinement on July 1, 1981 for the offense of robbery. It is also true that immediately following that particular instrument is another designated "order revoking probation," bearing the same case number as that of the "judgment and sentence" stating that appellant had been placed on probation in that particular case and that his probation was revoked effective September 2, 1982.

The "judgment and sentence" and "order revoking probation" are both parts of the same exhibit. Both instruments must be examined together to properly construe their effect. It is apparent that after being convicted on July 1, 1981, of the offense of robbery, appellant was assessed a seven-year term of confinement and placed on probation. That probation was revoked on September 2, 1982, and a four-year sentence assessed. No final conviction occurs when a person is placed on probation and the conviction becomes final only when that probation is revoked and a sentence imposed. *Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980). When the probation was revoked on September 2, 1982, the conviction became final as alleged in the enhancement paragraph in question. We find that there was sufficient evidence to warrant a finding by the jury that appellant was finally convicted of the offense of robbery on September 2, 1982.

The judgment is affirmed.