Aaron FERGUSON, Appellant,

v.

The STATE of Texas, State.

No. 2–85–022–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 7, 1985.

**382**

Keith E. Jagmin, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., and Elizabeth L. Phifer, Asst. Crim. Dist. Atty., Dallas, for State.

Before FENDER, C.J., HOPKINS, J., and HUGHES, J., Retired (Sitting by Assignment).

## OPINION

HOPKINS, Justice.

The defendant, Aaron Ferguson, appeals from a conviction of aggravated robbery. He was tried by a jury on a not guilty plea, was found guilty and the jury assessed his punishment at 30 years confinement in the Texas Department of Corrections.

We affirm the judgment.

Defendant's first two grounds of error allege ineffective assistance of counsel in the following particulars:

1) counsel did not request a record be made of the voir dire;

2) counsel did not object to the definition in the court's charge of "robbery" and "effective consent" (These two matters are also made the subject of defendant's third and fourth grounds of error.);

3) counsel's failure to object to improper rebuttal examination of State's complaining witness;

4) counsel's failure to object to introduction of evidence of extraneous offenses;

5) counsel's failure to object to the portion of the penitentiary packet containing references to parole law;

6) counsel's failure to call defendant's sisters as witnesses at the punishment phase of the trial.

The burden of proving ineffective assistance of counsel falls on the appellant and such a contention must be proved by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984). The standard to be used in gauging the effectiveness of counsel, whether ap-

pointed or retained, is "reasonably effective assistance of counsel," meaning "counsel reasonably likely to render and rendering effective assistance." *Ex parte Raborn*, 658 S.W.2d 602, 605 (Tex.Crim.App. 1983); *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980). In applying this standard, the adequacy of an attorney's services on behalf of an accused must be gauged by the totality of the representation. *Ex parte Raborn*, 658 S.W.2d at 605; *Romo v. State*, 631 S.W.2d 504, 507 (Tex. Crim.App.1982). · Any claim of ineffective assistance of counsel must be determined upon the particular circumstances of each individual case. *Johnson v. State*, 614 S.W.2d 148, 149 (Tex.Crim.App.1981). Though the accused in a criminal proceeding is entitled to "reasonably effective assistance" of counsel, this does not mean errorless counsel or counsel judged by hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex.Crim.App.1983). The fact another lawyer might have pursued a different course of action in representing the accused will not support a finding of ineffective assistance of counsel. *Hawkins v. State*, 660 S.W.2d 65, 75 (Tex.Crim.App. 1983).

■ At the request of either party, the court reporter shall take notes of all trial proceedings, including voir dire examination. TEX.CODE CRIM.PROC.ANN. art. 40.09(4) (Vernon Supp 1985). In his brief, defendant concedes there is no statutory or constitutional requirement that voir dire be transcribed. Furthermore, defendant has not indicated in what manner he was prejudiced by such failure. Neither has he shown us that the results of the trial would have been different or that error was committed during voir dire.

On direct examination, the complaining witness testified she had made two sketches of the man who had robbed her and furnished the second sketch to the police. On cross-examination in an apparent attempt by defense counsel to discredit and cause doubt about the reliability of the witness's identification of the defendant, testimony was elicited that the witness was "pretty scared" during the robbery. On redirect, the State examined the witness about the description of the robber she had given the police, and the photographic lineup shown her two weeks later at which she identified a picture of the defendant. The failure to object to this redirect examination is what the defendant now asserts as ineffective assistance of counsel. In his brief, the defendant acknowledges the examination did not constitute improper bolstering, but alleges it constituted improper rebuttal testimony. The defendant cites no authority for his contention and we find it without merit.

A more serious question of ineffective assistance is presented where the allegation is made that counsel allowed improper interjection of extraneous offenses into the trial. The assertion is that this occurred on three occasions during the trial and we will review each.

On cross-examination by the State, one of defendant's sisters, an alibi witness, testified she was positive the defendant had not left his home the day of the robbery "[b]ecause he hadn't been leaving or going because he said the police had been watching him." She further testified that the defendant made this statement to her prior to the date of the robbery. When the State asked, "[w]hen did the police start following him?", the defense counsel objected to any introduction of extraneous offense and the court admonished the State to refrain from going into extraneous offense. Further complaint is now made about counsel's failure to object to the State's argument which alludes to this testimony and the State's comment that the jury could "draw your own conclusions and reasonable deductions from that evidence." Counsel also failed to object when, in final argument, the State alluded to the photograph of the defendant which had been admitted into evidence without objection as a part of the lineup. The State made particular reference to the fact the "mug shot" of the defendant showed that it had been taken by the Dallas Police Department more than two years prior to the robbery.

██ Counsel may properly summarize evidence admitted during trial. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim. App.1973). In the instances complained of, the State did not interject extraneous offenses and there was no need for objection by defense counsel. Although failure to excise the "mug shot" information from the photograph of defendant is not assigned s an incident of ineffective assistance, this serious omission has been noted by this Court in reviewing the record with a view towards the totality of representation given the defendant by counsel. Counsel should have requested the information be excised before it was admitted for the jury's consideration. *Richardson v. State*, 536 S.W.2d 221, 223 (Tex.Crim.App.1976). Introduction of "mug shots" where no objection is made is not reversible error. *George v. State*, 498 S.W.2d 202, 206 (Tex. Crim.App.1973).

██ Defendant also complains of counsel's failure to object to the penitentiary packet which contained reference to federal parole laws. Defendant contends it is reasonable to assume that the jury considered these references to parole in determining the term of years defendant would be required to serve. Although it is better practice to have such information excised, there is nothing in the record to indicate the jury took cognizance of the vague parole references in arriving at its verdict. The jury had evidence that the defendant received a fifteen year sentence, September 9, 1977, and that he was not incarcerated on the date of the robbery, August 3, 1984. If the jury wanted to speculate on how long the defendant would remain incarcerated for any term of years they might assess, they did not have to refer to the parole references in the penitentiary packet. It should be noted the State in its argument did not allude to the parole references in the packet.

██ Defendant complains of counsel's failure to call either of his two sisters as witnesses at the punishment phase. There is no showing as to what the sisters may have testified if called and it would be improper to speculate as to whether their testimony would have benefited the defendant. The record reveals one of the sisters had injected unfavorable evidence into the case by reciting defendant's statement to her that the police were watching him prior to the robbery. Defense counsel had the benefit of observing the sisters' demeanor during their testimony at the guilt phase and could evaluate their effectiveness or ineffectiveness with the jury if again placed on the stand. Whether to call them during the punishment phase was a matter of trial strategy, the correctness of which should not be the subject of speculation by this Court. The fact that counsel made mistakes at trial, and other counsel might have tried the case differently, does not show ineffective assistance of counsel. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim.App.1984).

The failure to make objection to the definitions in the court's charge of "robbery" and "effective consent" did not constitute ineffective assistance. As will be noted in our discussion of grounds of error three and four, there was no error in the definitions given, therefore, no necessity for objection.

In reviewing the record for the totality of assistance and representation counsel afforded the defendant we find that counsel: (1) consulted with her client about the case; (2) prepared and filed motions (a) for court reporter to record proceedings, (b) for discovery and inspection of evidence, (c) to produce exculpatory and mitigating evidence, (d) for production and inspection of grand jury transcript, (e) for Jackson v. Denno hearing, (f) to list witnesses, (g) to suppress identification, (h) for in-court line-up, (i) election as to punishment, (j) two motions in limine and other motions; (3) conducted cross-examination of State's witnesses; (4) obtained a jury charge on alibi; (5) moved to have witnesses placed under the rule; (6) successfully resisted State's attempt to introduce into evidence an extraneous offense; and (7) performed other functions generally expected of defense counsel in the proper representation of a

client charged with a serious felony offense.

Judicial scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting efforts of hindsight. *Ingham v. State*, 679 S.W.2d at 509.

 A claim of ineffective counsel has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment of the United States Constitution. Second, that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064–2066, 80 L.Ed.2d 674 (1984).

In viewing the totality of the representation given in this case, we find that the defendant has not met the requirements set forth in *Strickland* and that under the guidelines of *Ingham*, he has failed to establish that he was deprived of reasonably effective assistance of counsel. Defendant's first two grounds of error are overruled.

By grounds of error three and four, defendant alleges fundamental error in the court's incorrect definitions of "robbery" and "effective consent" set forth in the court's charge to the jury.

 Inasmuch as appellant did not object at trial to the error in the court's charge, we must next decide whether the error was so egregious and created such harm that appellant has not had a fair and impartial trial—in short, "egregious harm". *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on rehearing); TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981).

In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Id.* at 174.

The court's charge contained the following:

Our law provides that a person commits the offense of aggravated robbery if he commits the offense of robbery as hereinafter defined and he uses or exhibits a deadly weapon.

A person commits the offense of robbery if in the course of committing theft as hereinafter defined and with intent to *appropriate* property he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. [Emphasis added.]

"While in the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft.

A person commits the offense of theft if with intent to deprive the owner of property he appropriates the property unlawfully.

"Appropriate" means to acquire or otherwise exercise control over property other than real property.

Appropriation of property is unlawful if the defendant obtains or exercises control over the property without the owner's effective consent.

"Deprive" means to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner.

"Property" means tangible or intangible personal property including anything severed from land.

"Consent" means assent in fact, whether express or apparent.

"Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by force, threat or fraud.

TEX.PENAL CODE ANN. sec. 29.02 (Vernon 1974) provides:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to *obtain or maintain control* of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

(b) An offense under this section is a felony of the second degree. [Emphasis added.]

The defendant complains that the trial court committed fundamental error when it substituted the phrase "appropriate property" for the statutory language, "obtain or maintain control of the property."

 Although it is generally the safer practice, we hold it is not imperative for the court to track the statute verbatim, if the language used is equivalent thereto, adequately defines the elements of the offense set forth in the indictment and does not misinform, confuse or mislead the jury. *Wells v. State,* 634 S.W.2d 868, 874 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd).

 Although the robbery statute uses the term "obtain" rather than "acquire," it is generally recognized that the terms have a similar meaning. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1981): obtain: "to gain or attain possession ..."; acquire: "to come into possession, control ..."

By properly defining the term "appropriate," there was no error in the court's definition of robbery when considering the charge as a whole.

TEX.PENAL CODE ANN. sec. 1.07 (Vernon 1974) defines "effective consent" as follows:

(12) "Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:

(A) induced by force, threat, or fraud;

(B) given by a person the actor knows is not legally authorized to act for the owner;

(C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable decisions; or

(D) given solely to detect the commission of an offense.

 As to the allegation concerning failure of the charge to include all statutory examples of when consent is not "effective consent," we fail to see how this omission could possibly harm defendant's case or result in a different verdict. There was no evidence of any consent having been given for defendant to take the money, unless consent is inferred as a result of defendant's exercise of force or threat in exhibiting a firearm. To have included subparagraphs (B), (C) and (D) of the statutory definition could have only served to confuse the jury as the facts of the case did not support any of these exceptions or examples. Where there is no fact issue of consent, or where the property is obtained by use of a firearm, there is no necessity to give the full statutory definition of "effective consent." *Naim v. State,* 644 S.W.2d 746, 748 (Tex.Crim.App.1983) (en banc). Defendant's grounds of error three and four are overruled.

The judgment of the trial court is affirmed.