**Ricky Lynn RODGERS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–280–CR.**

Court of Appeals of Texas, Fort Worth.

Dec. 30, 1987.

Rehearing Denied Feb. 3, 1988.

Leon Haley, Jr., Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and Chris Marshall and Betty Stanton, Asst. Criminal Dist. Attys., Fort Worth, for State.

Before BURDOCK, HILL and LATTIMORE, JJ.

### OPINION

LATTIMORE, Justice.

Appellant, Ricky Lynn Rodgers, was convicted by a jury of the offense of aggravated robbery with a deadly weapon. *See* TEX.PENAL CODE ANN. sec. 29.03 (Vernon 1974). Appellant pled not guilty. Punishment, enhanced by one prior felony wherein appellant received shock probation, was assessed by the jury at fifty years confinement in the Texas Department of Corrections. Appellant raises six points of error alleging failure to grant a speedy trial; insufficient evidence to support the conviction; error in allowing into evidence an impermissibly suggestive photospread; denial of requested language on the right to remain silent; denial of instruction on lesser included offense; and improper use of enhancement.

The judgment is reversed and remanded to the trial court.

At approximately 9:45 o'clock p.m. on April 15, 1986, a tall black man entered a Gulf Magic Mart in Tarrant County, made a purchase and left. He returned with a

shorter black man who pointed a gun at the cashier, Andria Hall, and ordered her to open the drawer or be killed. The taller man walked around the counter and took all of the money; he then slapped the cashier demanding the rest of the money. The cashier could not open the safe; she was told to lie on the floor and the two men left.

Another employee, Carol Egbe, was outside putting gas in her car before beginning her shift. She saw the two men leaving the store, and took down the license plate number of the car they were driving.

The testimony as to appellant's whereabouts at the time of the robbery is varied and contradicting. The two Gulf employees identified the appellant in a photospread and at trial, testifying that he was the taller black man who robbed the store. Virginia Johnson testified, along with the appellant, that appellant was with her that evening, helping to choose materials for remodeling her home. This was corroborated by Don Mitchell, a friend of appellant, who testified he was with him and Johnson that evening until 10:00 o'clock p.m.

By his first point of error, appellant contends that the trial court erred in failing to grant his motion to dismiss because appellant was not allowed to call the prosecutor as a witness to prove a violation of appellant's right to a speedy trial; that the Speedy Trial Act is unconstitutional; and the announcement of "ready" is merely a shield from the proof of unreadiness allowing the State to circumvent appellant's right to a speedy trial.

In light of the majority opinion of the Court of Criminal Appeals in *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987), holding the Speedy Trial Act unconstitutional, we need not address appellant's first point of error, which is overruled.

By his second point of error, appellant challenges the sufficiency of the evidence to support the conviction and the denial of his motion for instructed verdict. We need not review this allegation in that any possible error resulting from the denial of appellant's motion for an instructed verdict was waived when he thereafter elected to present defensive evidence. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex. Crim.App.1980); *Shirley v. State*, 501 S.W. 2d 635, 637 (Tex.Crim.App.1973). Appellant's second point of error is overruled.

By his fifth point of error, appellant alleges that the trial court erred in refusing to grant the request for an instruction on the lesser included offense of robbery.

In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be evidence in the record that if the defendant is guilty, he is not guilty of the alleged offense but is guilty only of the lesser included offense. *Salinas v. State*, 644 S.W.2d 744, 745 (Tex.Crim.App.1983).

Although robbery is a lesser included offense of the offense charged of aggravated robbery, evidence at trial showed that a deadly weapon was exhibited, a necessary element of aggravated robbery. *See* TEX. PENAL CODE ANN. sec. 29.03(a)(2). For the reasons given in denying appellant's second point of error, his fifth point of error is also overruled.

By his third point of error, appellant complains that he was denied his due process rights by an improper pre-trial identification procedure. He argues that Andria Hall and Carol Egbe's pre-trial identification of him in the State's photospread was impermissibly suggestive so as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

Appellant argues that Hall knew that she would see a photospread at the police station and it is reasonable to conclude that she would expect one of the persons in the photospread to be under suspicion by the police. He further argues that of the five photos in State's exhibit number two, photo number one showing appellant, and photo number five contained the word "Grand" at

the top of the picture, thus being impermissibly suggestive that the identification procedure was narrowed down to two persons. (The robbery occurred in Grand Prairie, Texas). We disagree.

Andria Hall had given the police a description of the robber prior to identifying appellant in the photospread. She testified that the word "Grand" at the top of appellant's photograph did not indicate anything to her. Carol Egbe stated that she had a clear view of appellant outside of the store, and that the lighting where she was standing under the gas pumps and over the doorway where appellant was standing was bright enough to read a newspaper by. Egbe testified the two men walked right past where she was standing. Appellant looked around at her and she got a good look at him. Further, she was close enough to take down the license plate number. She also identified appellant in a photospread at the police station.

In determining whether a photographic display is impermissibly suggestive, thus tainting the in-court identification, the court should examine the totality of the surrounding circumstances. *Limuel v. State*, 568 S.W.2d 309, 312 (Tex.Crim.App. 1978). Each case must be decided on its own facts. *Atkinson v. State*, 511 S.W.2d 293, 294 (Tex.Crim.App.1974).

Both women identified the appellant in a photospread pursuant to sufficiently viewing him at the scene of the crime. The word "Grand" at the top of the photos did not suggest anything to either witness. The trial court did not err in admitting State's exhibits two and three into evidence. Appellant's third point of error is overruled.

■ By his fourth point of error, appellant contends that the trial court erred in not allowing appellant's requested language concerning the right to remain silent within the jury charge. Appellant argues that the language used by the court was an undue comment on the weight of the evidence.

It is not imperative for the court to track the statute verbatim if the language used does not misinform, confuse or mislead the

jury. *Ferguson v. State*, 699 S.W.2d 381, 386 (Tex.App.—Fort Worth 1985, pet. ref'd). It is not mandatory that the statute be quoted. *Mangan v. State*, 168 Tex.Cr. R. 265, 324 S.W.2d 849, 851 (1959).

The court's language in the charge to the jury was as follows:

Our law provides that a Defendant may testify in his own behalf if he elects to do so.

The defendant requested the following charge:

Our law provides that a Defendant may remain silent. This however, is a privilege accorded to the Defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him.

When a refused charge is adequately covered by the charge given, no harm is shown. *Viduarri v. State*, 626 S.W.2d 749, 750 (Tex.Crim.App.1981). The instruction given by the court tracks TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979), and was not a comment on appellant's failure to testify. Appellant's fourth point of error is overruled.

By his sixth point of error, appellant alleges that the trial court erred in allowing the State to use an enhancement count against him because his probation had not been revoked.

On January 27, 1981 in Dallas County, appellant was convicted of theft of property and received a sentence of four years. The State, by introducing the judgment and sentence in *State v. Ricky Lynn Rodgers*, No. F80–13140–IL (Dist.Ct. of Dallas County, Criminal Dist.Ct. No. 5, Jan. 16, 1981), made a prima facie showing of "prior conviction" for the purposes of enhancement. *Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim.App.1987). The defendant rebuts this presumption by the unchallenged evidence of probation officer Anthony Dodson, supported by defendant's testimony, that at the time of this trial Rodgers was on shock probation out of the Dallas cause for a period of seven years to end May 28, 1988. The conviction in that cause was dated January 16, 1981 and the four year sen-

tence began January 27, 1981. Elementary math sets the date of the commencement of the shock probation as May 27, 1981, 120 days after sentence began. The time constraints of TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp.1988) are met. The period of shock probation was in effect at the time of the occurrence of the present offense. There was no final judgment for enhancement purposes. *Davis v. State,* 684 S.W.2d 201 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

The issue facing the court is whether "shock probation" is a final conviction for the purposes of enhancement. Appellant argues that it is not. We agree.

■ A probated sentence does not constitute a final conviction until there is a revocation of probation. *Ex parte Murchison,* 560 S.W.2d 654, 656 (Tex.Crim.App.1978) (en banc). There is never but one date of final conviction. *Cockrell v. State,* 632 S.W.2d 664, 667 (Tex.App.—Fort Worth 1982, pet ref'd). When the State seeks enhancement upon a prior conviction in which sentence was probated and later revoked, the date to allege as a final conviction is the date on which the probation is revoked. *Capuchino v. State,* 389 S.W.2d 296, 299 (Tex.Crim.App.1965).

■ The burden is on the State to make a prima facie showing that any prior conviction alleged for enhancement became final before the commission of the primary offense; once such a showing is made, the burden shifts to the defendant to prove otherwise. *Johnson v. State,* 725 S.W.2d at 247; *Diremiggio v. State,* 637 S.W.2d 926, 928 (Tex.Crim.App.1982). The State introduced the judgment and sentence, identified appellant with them and the trial court must presume regularity in the judgment. To rebut this presumption appellant contends that there is a defect in the judgment in that he was granted "shock probation" as to the offense used as enhancement of the present charge, and therefore, the judgment was not final.

The State compares *Murphy v. State,* 689 S.W.2d 341, 342 (Tex.App.—Fort Worth 1985, no pet.) with the present case, alleging appellant failed to show he was properly granted shock probation. We are not so inclined. In *Murphy,* the judgment and sentence made no provision with regard to probation, but an "order revoking probation" immediately followed the judgment and sentence bearing the same case number as the previous document. *Id.* at 342. All evidence being construed together, the court held that there was a showing that the defendant had been put on probation and that probation had been revoked. *Murphy,* 689 S.W.2d at 342.

There is evidence in the record that appellant was placed on "shock probation." Anthony Dodson, appellant's probation officer, testified that appellant received probation for cause number F80–13140–IL, the same cause number on State's exhibit number five showing judgment and sentence. Dodson also testified that appellant's sentence was increased from four to seven years upon receiving shock probation; this probation will expire on May 28, 1988. Finally, Dodson testified that there had not been a petition to revoke appellant's probation at the time of trial.

Appellant also testified that he went to the Texas Department of Corrections for three months prior to receiving shock probation and that he was presently serving that probationary period. There is sufficient evidence to show that appellant was properly granted shock probation.

The State further contends that, if appellant was properly granted "shock probation," his conviction was final for enhancement purposes under TEX.CODE CRIM. PROC.ANN. art. 42.12, sec. 3e (Vernon Supp.1988). The State alleges that "shock probation" is the process by which an otherwise eligible defendant is denied probation; he serves a portion of his sentence prior to receiving probation thus making the judgment final. This is not a proper interpretation of the law.

The legislature carefully avoided defining "probation" as a type of "punishment" or "sentence." *Green v. State,* 706 S.W.2d 653, 656 (Tex.Crim.App.1986); TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 2(b) (Vernon Supp.1988). There is no sentence

in probation cases because imposition of the sentence is suspended. *Green,* 706 S.W.2d at 657, citing *McCullar v. State,* 676 S.W.2d 587, 588 (Tex.Crim.App.1984) (en banc). *Davis v. State,* 684 S.W.2d 201 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd) "If appellant had been on valid shock probation which was thereafter revoked, the date of the revocation would be the date of the final conviction." Id. at 209 (dicta). In *Ex parte Eden,* 583 S.W.2d 632 (Tex.Crim.App.1979) (en banc), appellants had been ordered to serve sixty days at the Texas Department of Corrections under the "shock probation" provisions of article 42.-12, section 3f(b). *Id.* at 633. Appellants contended that they had a statutory right to credit for time spent between arrest and sentence or pending appeal under this type of probationary period. The Court of Criminal Appeals disagreed, stating that the action of a trial court pursuant to article 42.12, section 3f(b) ordering appellant's confinement was a condition of probation, not a portion of a sentence served. *Ex parte Cruthirds,* 712 S.W.2d 749, 753 (Tex. Crim.App.1986) (en banc). The order did not direct the judgment, i.e., grant of probation, "to be carried into 'execution' as does a sentence." *Eden,* 583 S.W.2d at 634. Since no sentence was served, appellants were not entitled to credit for the time they were incarcerated prior to the grant of probation.

A grant of "shock probation" is not a final conviction. In the case at bar, there is no showing that the suspended sentence was ever revoked; accordingly, there is no proof that the conviction in cause number F80–13140–IL was a final conviction. *Spiers v. State,* 552 S.W.2d 851, 852 (Tex.Crim. App.1977).

The trial court committed reversible error in admitting the enhancement over appellant's objection. The State may not, at a new trial in this cause, utilize cause number F80–13140–IL to increase appellant's minimum punishment. *See Cooper v. State,* 631 S.W.2d 508, 514 (Tex.Crim.App. 1982).

The judgment is reversed, and the cause remanded for a new trial of punishment only. TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1988).