**Abdul H. MOHAMMAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–90–00446–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 3, 1991.

Discretionary Review Granted Oct. 16, 1991.

Kristine C. Woldy, Houston, for appellant.

Rowena M. Young, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was found guilty by a jury of the felony offense of aggravated robbery. Tex.Penal Code Ann. § 29.03 (Vernon 1990). The jury found an enhancement paragraph to be true and assessed punishment at fifty years in the Texas Department of Criminal Justice–Institutional Division. We affirm.

Appellant and a co-defendant entered a convenience store in southwest Houston where the complainant, a clerk, was working alone. Appellant, walking with a limp, approached the case register and asked the clerk for a bandage. The co-defendant, whose pockets were stuffed with trash bags, walked to a place in the rear of the store by the storeroom door. A customer then entered and asked the clerk for cigarettes. The clerk walked from the cash register to the storeroom to get the cigarettes. While the clerk was in the storeroom, appellant pulled a gun and told the clerk not to move or he would be killed. The customer ran out of the store.

While appellant held the clerk at gunpoint, the co-defendant walked into the storeroom and began to fill his trash bags with cigarettes. The co-defendant told appellant to shoot the clerk if he moved. After filling the trash bags with cigarettes, the co-defendant struck the clerk in the nose as he left. Appellant and co-defendant entered a car and drove away. The clerk was able to obtain the license number. Ten days later, appellant and co-defendant were apprehended when the getaway car was identified by a patrolman.

■ Appellant alleges, in his first point of error, that there was insufficient evidence to establish the identification of appellant. Appellant bases this allegation on the fact that the complainant was unable to identify him at the time of trial. In evaluating a claim of insufficiency, this court must consider all the evidence in the light most favorable to the verdict. A verdict should be upheld unless no rational finder of fact could conclude beyond a reasonable doubt that the appellant committed the of-

fense. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App. 1989).

The complainant was positive when he identified appellant several days after the offense. At the time of trial, six months later, appellant's appearance had changed considerably. Appellant had gained approximately thirty pounds, his hair was shorter and he was clean shaven. Although the complainant was not able to identify appellant at the time of trial, he was able at trial to identify the co-defendant.

The jury is entitled to believe or disbelieve the testimony of a witness. *Williams v. State*, 692 S.W.2d 671 (Tex.Crim.App. 1984). The credibility of a witness is solely to be determined by the trier of fact. *Coe v. State*, 683 S.W.2d 431, 438 (Tex.Crim. App 1984). Inconsistencies in testimony alone do not destroy the sufficiency of the evidence. *Weisinger v. State*, 775 S.W.2d 424, 429 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to prove the identity of appellant. Appellant's first point of error is overruled.

■ In his second point of error, appellant alleges that the trial court erred in admitting the testimony of the sergeant who supervised the line-up process. He testified as to the weight gain of the appellant between the initial line-up and the time of trial. This evidence is admissible as a lay opinion. TEX.R.CRIM.EVID. 701 allows for opinion testimony by a lay witness if his opinion is rationally based on his perception and is helpful to a clear understanding of his testimony or the determination of a fact in issue. The sergeant's testimony was based upon his observation of appellant at the time of the line-up and then six months later at the time of trial. It helped the jury with an understanding of the complainant's difficulty in recognizing appellant at trial. Appellant's second point of error is overruled.

■ Appellant claims, in his third and forth points of error, that the trial court erred in refusing to submit a jury charge on the lesser included offenses of robbery and theft. In determining whether an instruction on a lesser included offense is required, the courts have consistently employed a two-step analysis. The first requires that the lesser included offense must be included in the proof necessary to establish the offense charged. The second requires some evidence that the defendant is guilty only of the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim.App 1981). Here there is no evidence that if appellant is guilty, he is guilty only of robbery or theft. There was no evidence that a gun was not used in the commission of the robbery or that an assault in the course of committing the theft did not occur. Appellant bases his entire argument on the fact that the clerk did not see the gun at first. Appellant did not display the weapon until the clerk walked back to the storeroom where the cigarettes were kept. A deadly weapon was exhibited. This is a necessary element of aggravated robbery. *See* TEX.PENAL CODE ANN. § 29.03(a)(2); *Rogers v. State*, 744 S.W.2d 281, 283 (Tex.App.—Fort Worth 1987, pet. ref'd).

Simply because the jury could refuse to believe one or more of the elements of an alleged offense, Appellant is not entitled to a charge including a lesser offense. *McElory v. State*, 528 S.W.2d 831 (Tex.Crim. App.1975). Appellant has offered no evidence that if he was guilty, he was guilty only of robbery or theft. *See Parr v. State*, 658 S.W.2d 620, 622 (Tex.Crim.App. 1983). Appellant's third and fourth points of error are overruled.

■ In his final point of error, appellant claims that the trial court erred by instructing the jury that it may consider the effect of the parole laws in its punishment deliberation. Appellant's case was tried on May 16, 1990, when the re-enacted version of TEX.CRIM.PROC.CODE ANN. art. 37.07 § 4 (Vernon 1990) was in effect. On November 7, 1989, Texas voters approved an amendment to Art. IV, § 11 of the Texas Constitution. Tex.S.J.Res. 4, 71st Leg., 1989 Tex. Gen.Laws 6414. See Act of May 17, 1989,

Ch 103, § 1, 1989 Tex.Sess.Law Serv. 442 (Vernon). This amendment, which authorized the reenactment of TEX.CODE CRIM. PROC.ANN. art. 37.07 § 4(a) (Vernon 1990), provides as follows:

> The Legislature shall by the law establish a Board of Pardons and Paroles and shall require it to keep record of its actions and the reasons for its actions. The Legislature shall have authority to enact parole laws *and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense.*

Tex. Const. art. IV, § 11(a) (italics for the portion added by the constitutional amendment).

Appellant contends that this amendment and the resulting legislation, TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4, violate Tex. Const. art. I, § 29 which provides:

> To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and laws contrary thereto, or to the following provisions, shall be void.

Appellant further claims that the legislation enacted pursuant to that amendment is subject to the constraints of Tex. Const. art. I §§ 13, 19.

■■■ If possible, a statute must be construed in such a way as to uphold its constitutionality. *Faulk v. State*, 608 S.W.2d 625, 630 (Tex.Crim.App.1980). The Legislature is presumed to have regarded the constitutional requirements in enacting laws. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978). Whenever an attack upon the constitutionality of a statute is presented for determination, the presumption is that such statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting it. *Id.* If a statute is capable of two constructions, one of which sustains its validity, this court will uphold the interpretation which sustains its validity. *Id.* The legislature was empowered by this constitutional amendment to enact legislation allowing a court to inform jurors of the effect of good conduct time and parole. Appellant has failed to overcome the presumption that this legislation is constitutional.

Appellant further claims that the giving of the parole instruction violated the due process clause of the Fifth Amendment to the United States Constitution. This claim is without merit. The United States Supreme Court has previously held that informing the jury of the defendant's chances for parole or clemency "did not render [such instruction] constitutionally infirm." *See California v. Ramos*, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983); *Allen v. State*, 761 S.W.2d 384, 386 (Tex.App.—Houston [14th Dist.] 19, pet. ref'd). This instruction did not contribute to the appellant's punishment under TEX. R.APP.P. 81(b)(2). *See Arnold v. State*, 786 S.W.2d 295 (Tex.Crim.App.1990). Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.