Linda L. WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–091–CR.

Court of Appeals of Texas,
Corpus Christi.

April 8, 1993.

Kenneth Botary, Corpus Christi, for appellant.

Julianna Siracusa Rivera, Asst. County Atty., Carlos Valdez, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ., concur.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant guilty of delivery of less than 28 grams of cocaine, and the trial court assessed punishment, enhanced by two prior felony convictions, at 30 years in prison. By one point of error, appellant challenges the sufficiency of the evidence. We affirm.

On June 14, 1991, appellant, Linda Wright, sold a baggie of a white powdery substance to an undercover narcotics officer, Adrien Herndon. After Herndon signaled to his co-workers to make the arrest, appellant fled on foot from Herndon's vehicle. During the ensuing pursuit, appellant discarded a syringe and another baggie of a white powdery substance.

Officer Herndon testified that he witnessed appellant discard the second baggie, retrieved it, and performed a field test on the substance in both of the baggies which indicated the substance contained therein was cocaine. Herndon testified that the total weight of each baggie and the contents therein weighed 0.5 grams on a triple-beam balance. Allowing approximately 0.2 grams for the weight of the baggie, Herndon reported that the approximate quantity of the controlled substance in each baggie was 0.3 grams. Herndon charged appellant with possession and delivery of cocaine, sealed and tagged the baggies, and locked the baggies in an evidence locker.

Thomas Wilk, a Department of Public Safety chemist, testified that on June 19, 1991, Herndon hand-delivered the sealed and tagged evidence. On June 25, 1991, Wilk performed two separate chemical analyses on the baggies. The first was a "color test," which is a threshold determination of the possible presence of cocaine in any quantity by turning a solution of cobalt thiocyanate from pink to blue. Wilk tested each of the two baggies separately, and each tested positive for cocaine. However, a color change is not uniquely indicative of cocaine in that a few other substances could also have turned the substance blue. Thus, Wilk combined a measured portion of both baggies and positively identified the substance as cocaine with a gas chromatographer, which provides a highly accurate means of identifying organic compounds. Wilk testified that none of the other substances that would have turned the cobalt thiocyanate "color test" blue were detected by the gas chromatographer. The substance contained in the baggies weighed 0.17 grams on an electronic balance, which Wilk testified was more accurate than a triple beam balance. On July 23, 1991, a police officer retrieved the two baggies from the Department of Public Safety and returned them to an evidence locker.

At trial, Wilk identified the substance in the two baggies as cocaine, and the baggies were admitted into evidence without objection by appellant.

By one point of error, appellant argues that the evidence was insufficient to prove that the substance contained in the baggies was cocaine as alleged in the indictment. To support her claim, appellant contends that Officer Herndon was an inexperienced narcotics officer and was biased and prejudiced against appellant. Appellant also asserts that the State failed to prove that the substance in each individual baggie was cocaine; that the State failed to properly prove the chain of custody of the baggies of cocaine; and, that the State could not overcome appellant's claim that someone had tampered with the evidence.

When reviewing a challenge to the sufficiency of the evidence, the standard of review is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 158–159 (Tex.Crim. App.1991); *Butler v. State,* 769 S.W.2d

234, 239 (Tex.Crim.App.1989). The jury is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of any witness' testimony. *Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App.1984); *Coe v. State*, 683 S.W.2d 431, 438 (Tex.Crim.App.1984); *Mohammad v. State*, 814 S.W.2d 137, 139 (Tex.App.—Houston [14th Dist.] 1991, no pet.). When the evidence shows that the chain of custody of an alleged controlled substance is intact up until its identity is ascertained in the laboratory, any objection to the chain of custody goes to the weight of the evidence, rather than to its admissibility. *Medellin v. State*, 617 S.W.2d 229, 232 (Tex.Crim.App.1981).

■ Appellant erroneously argues in her brief that each of the baggies of cocaine weighed 0.05 grams (five one-hundredths of a gram) when Officer Herndon weighed them on the triple beam balance. She argues that someone tampered with the evidence because the weight of the baggies increased to 0.17 grams, rather than decreased, after samples were removed for testing. However, we find that no evidence supports this proposition. To the contrary, Herndon testified that the total weight of each baggie and the cocaine therein weighed 0.5 grams (five tenths of a gram), and, compensating for the weight of the baggies, he estimated the approximate weight of the cocaine to be 0.3 grams. After samples were removed for a field test, a "color test" and a gas chromatography test, the weight of the substance was recorded at 0.17 grams. Thus, there was a reduction in weight from testing, not an increase. We find that appellant's argument with regard to tampering with the evidence is without merit.

■ Because Wilk combined the contents of the baggies to perform the gas chromatography analysis, appellant argues that the actual identity of the substance in each individual baggie was not ascertained. However, Wilk testified that he tested each baggie individually with the "color test" and that each baggie tested positive for cocaine or some other possible but limited compounds. Then Wilk eliminated the pos-

sibility that any of the other compounds turned the solution blue when he conducted the gas chromatography analysis and none of those other compounds were present. Accordingly, the only compound that could have turned the solution from pink to blue in the "color test" of both the baggies was cocaine. Combining the substances to perform the gas chromatography analysis positively determined that the substance was cocaine and eliminated the possibility that some other possible compounds were present in either baggie. Thus, by the process of elimination, the identity of the substance in each individual baggie was ascertained. We find that appellant's argument that the substance in the baggies was not cocaine is without merit.

■ Appellant also argues that the State failed to prove the chain of custody of the cocaine. Initially, we note that appellant failed to object to the admission of the cocaine into evidence at trial. Accordingly, appellant has failed to preserve any error for appeal regarding the admissibility of the cocaine. Tex.R.App.P. 52(a). Even if appellant had preserved error, the only basis offered for this argument is that an officer other than Officer Herndon retrieved the baggies from the Department of Public Safety laboratory and returned them to the evidence locker. The evidence shows that Herndon collected both baggies at the scene, sealed and tagged them, and deposited them in an evidence locker. He then personally delivered them to the laboratory for testing, where they were positively determined to contain cocaine. When the evidence shows that the chain of custody of an alleged controlled substance is intact up until its identification is ascertained in the laboratory, any objection to the chain of custody goes to the weight of the evidence, rather than to its admissibility. *Medellin*, 617 S.W.2d at 232 (Tex.Crim.App.1981). We find that appellant's argument is not meritorious.

Finally, appellant supports her argument that the evidence is insufficient with the contention that Officer Herndon was an inexperienced narcotics officer and that he was biased or prejudiced because appellant

had kept some "buy money" Herndon gave her when he attempted to buy cocaine from her on a previous occasion. However, with regard to Herndon's testimony as well as all of the witnesses' testimony, the jury is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of any witness' testimony. *Williams*, 692 S.W.2d at 676; *Coe*, 683 S.W.2d at 438; *Mohammad*, 814 S.W.2d at 139.

■ We find, after viewing the evidence in the light most favorable to the prosecution, that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 318, 99 S.Ct. at 2788; *Geesa v. State*, 820 S.W.2d at 158–159; *Butler v. State*, 769 S.W.2d at 239. We hold that sufficient evidence supports appellant's conviction.

We overrule appellant's sole point of error and AFFIRM the trial court's judgment.