**Opinion filed October 18, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00339-CR

_____

### LAVANDERS MARQUIS MUSKIN
### A/K/A LAVENDERS MUSKIN A/K/A QUEZ
### A/K/A LAVANDERS MUSKIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 12384-D**

### M E M O R A N D U M   O P I N I O N

The jury convicted Lavanders Marquis Muskin of the first-degree felony offense of aggravated sexual assault. The jury assessed punishment at confinement for ninety-nine years, and the trial court sentenced him accordingly. Appellant brings three issues on appeal. Appellant contends that (1) the trial court abused its

discretion when it admitted evidence of extraneous misconduct, (2) trial counsel provided ineffective assistance of counsel, and (3) Appellant's punishment was improperly enhanced. We reverse and remand for a new punishment hearing.

H.S. walked to a convenience store to get something to eat. Before H.S. got to the store, Appellant approached her. Appellant asked if she wanted to purchase drugs, where she lived, and whether she had a phone number. H.S. said she did not have a phone, and Appellant left, headed in a different direction. After H.S. arrived at the convenience store, Appellant came up to her again and appeared to be very angry. Appellant put his hand over her mouth, grabbed her cell phone, beat her on the head, dragged her behind the convenience store, and sexually assaulted her. Because Appellant said he had a gun, H.S. did not fight back. After about two minutes, he stopped and told her not to say anything.

In his first issue, Appellant contends that the trial court abused its discretion when it admitted inadmissible evidence of extraneous misconduct. Appellant asserts that his alleged prior sexual assaults are character-conformity testimony prohibited by Rule 404(b) of the Texas Rules of Evidence and are more prejudicial than probative. *See* TEX. R. EVID. 403, 404(b). We disagree.

Appellant testified that he had consensual sex with H.S. in exchange for drugs. Before Appellant testified, he knew that his two prior convictions for burglary would be admissible and that his alleged prior sexual assaults could come in as evidence. After Appellant testified that he and H.S. had consensual sex, the State argued to the trial court that Appellant's alleged prior sexual assaults were admissible to rebut Appellant's defense of consent and to show plan, preparation, and intent. Appellant objected. The trial court overruled Appellant's objection and admitted the evidence. The trial court conducted a Rule 403 balancing test and found that the evidence was extremely prejudicial but that such prejudice did not substantially outweigh the probative value of the evidence.

We review a trial court's decision to admit or exclude extraneous offense evidence under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We will reverse a trial court's ruling that an extraneous offense has relevance other than to prove conformity with the defendant's character only if the ruling is outside the zone of reasonable disagreement. *Id.* at 343–44. We give deference to a trial court when it determines that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity with that conduct. TEX. R. EVID. 404(b). This rule excludes evidence offered to prove bad character and conduct in conformity with that bad character. *De La Paz*, 279 S.W.3d at 343. Evidence of other crimes, wrongs, or acts may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or rebuttal of a defensive theory. TEX. R. EVID. 404(b); *De La Paz*, 279 S.W.3d at 343; *Moses*, 105 S.W.3d at 626; *Hernandez v. State*, 426 S.W.3d 820, 825 (Tex. App.—Eastland, 2014, pet. ref'd) (mem. op.). When the defense raises the defensive theory of consent in a sexual assault case, the defendant disputes his intent to engage in the conduct without the complainant's consent and places his intent to commit sexual assault at issue. *Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007) (citing *Rubio v. State*, 607 S.W.2d 498, 501 (Tex. Crim. App. 1980)).

We conclude that the trial court did not abuse its discretion when it determined that Appellant's alleged prior sexual assaults had relevance apart from character conformity. The challenged evidence involved very similar circumstances: the threat of a firearm and an initial conversation with the victims about drugs. Accordingly, the evidence of Appellant's extraneous acts addressed the issue of his

plan, preparation, and intent to sexually assault H.S. Also, this evidence tends to rebut Appellant's defensive theory of consent. Therefore, the trial court did not abuse its discretion when it determined that the evidence was admissible under Rule 404(b).

Even when evidence of an extraneous offense is permissible under Rule 404(b), it may be excludable under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentment of cumulative evidence. TEX. R. EVID. 403. We consider these factors in a Rule 403 analysis: (1) the inherent probative force of the proffered evidence; (2) the proponent's need for that evidence; (3) any tendency of the evidence to suggest a decision on an improper basis; (4) any tendency of the evidence to confuse or distract the jury from the main issues; (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). Rule 403 favors relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002). We reverse a trial court under Rule 403 "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990)).

We have applied the factors listed above, and we conclude that the trial court did not abuse its discretion when it determined that the probative value of the evidence was not substantially outweighed by its prejudicial effect. The trial court could have reasonably concluded that the probative value of the prior sexual assaults was very high because the detectives did not have any suspects until one of the prior

victims reported that Appellant had sexually assaulted her. This report allowed the detectives to link Appellant to the current offense. Also, the trial court could have reasonably concluded that the State needed to present this evidence because the State had no other means to disprove Appellant's defense of consent. Furthermore, we do not think that the evidence had a tendency to confuse or distract the jurors from the main issues in an irrational way or that its presentment consumed an inordinate amount of time or merely repeated previously admitted evidence. Additionally, the trial court provided a limiting instruction to the jury regarding extraneous offense evidence. We overrule Appellant's first issue on appeal.

In his second issue, Appellant contends that trial counsel provided ineffective assistance of counsel. He bases his claim on a statement made by his counsel during the guilt/innocence phase of the trial. Counsel told the jury that the evidence was legally sufficient to convict Appellant. Appellant asserts that there can be no plausible, rational strategy for this statement. We disagree.

During closing arguments, Appellant's trial counsel said to the jury: "So what else do we have besides these conflicting stories? I admit to you that the evidence is sufficient, legally . . . to convict [Appellant]. I mean, that's just the way the law is. I'm a lawyer; I've read enough cases to know the evidence is legally sufficient." Counsel further stated that, "[i]f you convict him, it's not going to come back on appeal for [insufficient] evidence. That is the case. And so I concede that to you." However, counsel went on to argue that the evidence also supports a verdict of not guilty and that the State has not proved its case beyond a reasonable doubt. Counsel further argued that there were reasonable alternative explanations that constituted reasonable doubt.

To establish that trial counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have

5

been different but for counsel's errors. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689.

A claim of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal is usually an inadequate vehicle to raise such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Direct appeal is especially inadequate when counsel's strategy does not appear in the record. *Id.* Trial counsel should ordinarily have an opportunity to explain his actions before an appellate court denounces counsel's actions as ineffective. *Id.* Without this opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim App. 2001)).

Here, the record is silent as to any potential trial strategy that counsel could have employed. Appellant did not file a motion for new trial, and trial counsel has not had an opportunity to explain his strategy for the challenged statements to the jury. Given the sensitive nature of a sexual assault case and the trial court's statement outside the presence of the jury that this is a "he-said/she-said" case,[1] trial

---

[1]The trial court and the State both agreed outside the presence of the jury that this case is a "he-said/she-said" case.

counsel's statements could be a reasonable trial strategy. Appellant has failed to show that counsel's statement to the jury was so outrageous that no competent attorney would have engaged in it. We overrule Appellant's second issue on appeal.

In his third issue, Appellant contends that his punishment was improperly enhanced to that of a habitual offender because the State failed to show the proper sequence of the two prior convictions that the State had alleged for enhancement purposes. Appellant asserts that he had not been finally convicted of the first alleged prior offense when he committed the second prior offense. We agree.

The State sought to enhance Appellant's punishment under the habitual offender statute. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2018). The State alleged that Appellant was convicted of burglary of a dwelling in cause no. 2005-0093 on January 10, 2006. The State also alleged that, after the conviction in cause no. 2005-0093 became final, Appellant committed the offense of burglary of a dwelling in cause no. 2011-0065 on May 26, 2011, and that this conviction became final on February 2, 2012, prior to the commission of the instant offense in 2015. The jury found the enhancement allegations to be true.[2]

To enhance a defendant's punishment under Section 12.42(d), the State must prove beyond a reasonable doubt that the defendant has had two prior felony convictions and that the first prior conviction became final before the defendant committed the second prior offense. *Id.*; *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008). The State must also show that the second prior conviction became final before the defendant committed the current offense. *Jordan*, 256 S.W.3d at 291. When execution of a sentence is suspended, the conviction for that

---

[2]We note that the trial court's charge to the jury on punishment erroneously failed to require the jury to find that the 2006 conviction became final prior to the commission of the second alleged offense. The jury, however, was instructed, pursuant to Section 12.42(d), to find the enhancement allegations to be true and to assess Appellant's punishment at confinement for no less than twenty-five years.

offense is not final for purposes of enhancement and does not become final for such purposes unless revoked. *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992) (citing *Rodgers v. State*, 744 S.W.2d 281 (Tex. App.—Fort Worth 1987, pet. ref'd)). We determine whether a prior conviction is "final" in accordance with Texas law. *Ex parte Pue*, 552 S.W.3d 226, 229 (Tex. Crim. App. 2018). The law of another state does not control whether a court in Texas may properly enhance a defendant's punishment. *Id.*

Appellant was convicted of burglary of a dwelling on January 10, 2006, in Mississippi. The trial court sentenced him to six years' confinement but suspended the execution of the sentence for a period of five years, to begin after he had served one year in an institution supervised and controlled by the Mississippi Department of Corrections. Before Appellant had completed the probationary period, Appellant committed the offense of burglary of a dwelling on May 26, 2011, in Mississippi. The trial court revoked Appellant's probation on October 3, 2011, when the grand jury indicted Appellant for the offense of burglary of a dwelling, but the trial court suspended the execution of the first sentence again. Appellant's conviction for the second burglary became final on February 2, 2012. After Appellant's conviction for the second offense became final, the trial court revoked Appellant's probation on the first burglary conviction and sentenced Appellant to serve the five years suspended in the original sentence. Although Appellant was convicted in 2006 of burglary of a dwelling, the conviction for that offense was not final when Appellant committed the second prior offense of burglary of a dwelling. *See id.* Therefore, because the first conviction was not final before the second offense was committed, we sustain Appellant's third issue on appeal.

We affirm the judgment of the trial court as to Appellant's conviction, but we reverse the judgment as to punishment. We remand this case to the trial court for a new punishment hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West

8

2018); *Jordan*, 256 S.W.3d at 293 (concluding that, even if the State's failure to prove the chronological sequence of punishment enhancement allegations is subject to a harm analysis, such a deficiency will never be considered harmless).


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


October 18, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.